On Application nor Rehearing.
Todd, J.
The plaintiff’s counsel, in their argument of their motion for rehearing, urged that the Court was in error in sustaining the exception as to want of proper parties, for the reasons :
1. That the exception did not name whom the parties were that should have been joined in the suit.
2. That no proof was made as to the alleged transfer of the stock add the consequent interest of the transformes in the suit, and that until the parties were named and satisfactory proof made of said transfer, that the question as to want of proper parties could not be considered, much less determined.
First. It is true that the names of the parties alleged tobe interested are not specifically set forth, but they are alleged to be the defendants in a certain suit, the record of which suit, was offered in evidence on the trial of the exception. This was a sufficient designation and identification of the parties. Id cerium est qu,od certum reddi potest.
Second. The same record shows that the plaintiff in that suit, who was the author of plaintiff’s title to the shares of stock in question, declared in her petition that certain persons, made defendants therein, claimed an interest in said stock, by virtue of alleged transfers made *423 originally by one claiming to belter agent therein, and whose authority was denied.
The plaintiff in the instant ease, claiming under the plaintiff in the former suit, was bound by her judicial admissions, and such admissions were quite as effective in establishing an interest in the parties referred to, or at least a claim on their part to the stock, as a transfer, or what purported to be one, would have been.
In the petition for a rehearing, plaintiff’s counsel allege that the case in 32 A., referred to in our opinion, should not be cited as a precedent. The sound ruling in that case needs no special endorsement to be cited as authority.
It is the more applicable to the present case, as it rests mainly on two decisions of this Court, made in suits by plaintiff’s author, against the same defendant, and in relation to same subject of controversy.
The exception should not have been dismissed by the court a qua, and was properly sustained by- our decree.
Rehearing refused.
The Chief Justice recuses himself, having been of counsel.